Suydam *v.* Bastedo.

Matthew Suydam, administrator &c. of Catharine Stines, deceased,

*v.*

William I. Bastedo and Goyn D. McCoy.

1. Where two or more executors receive the estate of their testator jointly, and afterwards file a joint account, they stand jointly liable to the persons entitled to the estate for all the account shows to be in their hands.

2. A court of equity has jurisdiction over the accounts of executors and administrators, and over suits to enforce the rights of legatees and next of kin.

3. In cases where the liability of an executor or trustee rests wholly on the ground of his negligence, the appropriate remedy to enforce such liability is by bill in equity.

On final hearing on bill and answer and proofs taken in open court.

*Mr. John S. Voorhees,* for complainant.

*Mr. Charles T. Cowenhoven.* for defendant Bastedo.

Van Fleet, V. C.

The facts which give rise to this suit may be summarized as follows: By the will of Catharine Stines, deceased, her executors were directed to safely invest $2,500, and pay the interest thereof to Sarah Ann Higgins during her life, and on her death to divide the principal among her six sons. The will was admitted to probate June 3d, 1871, and letters testamentary granted thereon to the defendants, William I. Bastedo and Goyn D. McCoy. They were the persons nominated as executors in the will. The defendants filed a joint account as executors, September 10th, 1872, which was afterwards, on the 1st day of October following, allowed and confirmed by the orphans court of Middlesex county. The defendants charged themselves in their account with $6,240.71, and prayed allowance for $6,126.20, showing a

28

balance in their hands of $114.51.   Among the items appearing
on the credit side of their account is one stated in this wise:

"Specific legacy to Sarah Ann Higgins, invested in accordance with will,
$2,500."

This item was put down as a disbursement, and it was allowed
as such, but, obviously, only for the purpose of showing what
residue remained in the hands of the executors for distribution
among the residuary legatees.   The account shows plainly on its
face that the executors had jointly received, and had, at the time
their account was allowed and confirmed, in their joint custody,
sufficient estate of their testatrix, after the payment of her debts
and the expenses of the administration of her estate, to pay all
the legacies given by her will, including that given to Sarah Ann
Higgins and her six sons.   By an order made by the orphans
court of Middlesex county, on the 24th of March, 1885, the de-
fendant Bastedo was discharged from office, and his co-executor
removed, and the complainant appointed administrator with the
will annexed, in their place.   The defendants have failed, after
demand, to pay over the $2,500, and this suit is brought to com-
pel them to do so.   They have neither paid the money nor of-
fered to deliver and surrender to the complainant any security or
evidence of indebtedness representing the $2,500.   Bastedo alone
defends.   He says that he has never had possession of the $2,500,
nor any part of it, nor has he ever had any control over it, but
that it has always, since its receipt, been in the possession and
under the control of his co-executor.

The fact on which Mr. Bastedo rests his claim to immunity
from liability is, as a matter of law, without the least efficacy as
a defence.   In this state the doctrine is firmly established that
where two or more executors receive the estate of their testator
jointly, and afterwards file a joint account, they stand jointly
liable to the persons entitled to the estate, for all the account
shows to be in their hands, no matter what may have been the
fact as to the actual custody of the estate when they accounted, or
what arrangements they may have subsequently made among
themselves as to its custody.   *Laroc* v. *Douglass, 2 Beas. 308;*

*Schenck* v. *Schenck, 1 C. E. Gr. 174.* This doctrine is the natural offshoot or sequence of that salutary principle which declares that a trustee who, by the exercise of reasonable care and diligence, can prevent the loss of the trust estate, but who, neglecting his duty, stands by and allows his co-trustee to get possession of the trust property and to waste it, shall, as the consequence of his negligence, be answerable for the whole loss.

There can be no doubt, in view of this rule, that Mr. Bastedo is liable for the fund in question. It is equally clear that his liability is enforceable in this court. The jurisdiction of this court over the accounts of executors and administrators and over suits to enforce the rights of legatees and next of kin is now so firmly established by repeated adjudications as to be beyond dispute or doubt. *Frey* v. *Demarest, 1 C. E. Gr. 236.* In cases where the liability of the person sought to be charged rests wholly on the ground of his negligence, the orphans court has no jurisdiction, but the appropriate remedy is a bill in equity. *Duncan* v. *Davison's Exr., 13 Stew. Eq. 535.*

The complainant is the proper person to sue. Sarah Ann Higgins is still alive. Under the will she has no right to the possession of the principal of the fund, and her sons have no right to demand payment of the principal until after her death, but the complainant, by virtue of his appointment as the successor of the defendants, became entitled to receive and recover all the property and assets of the testatrix's estate, and to maintain all proper actions for the recovery of the same. *Rev. p. 781 § 129.* His right to maintain the action is clear.

The complainant is entitled to a decree, with costs.